# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JONATHAN BROWNLEE, III,** | : | Civil No. 3:19-CV-1534 |
| **Plaintiff,** | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **MONROE COUNTY CYS, et al.,** | : | |
| **Defendants.** | : | |

## MEMORANDUM OPINION

### I. Statement of Facts and of the Case

Jonathan Brownlee is a criminal pedophile who was previously convicted in federal court of child pornography charges, and has been cited on several occasions by federal authorities for alleged violations of the terms of the supervised release imposed upon him following this federal child pornography conviction. (Doc. 27, ¶¶ 3, 4). On September 23, 2019, Brownlee filed a *pro se* civil rights complaint, which he subsequently amended on September 25, 2019 to name Melissa Snyder as an individual defendant. In this complaint, Brownlee alleged that in April of 2018, he had stored some personal property with an acquaintance named Clara Michelle Pordy. (<u>Id</u>.) According to Brownlee, the Monroe County Children and Youth Services agency, acting through its caseworker, Melissa Snyder, forced Pordy to

destroy and discard this property in May of 2018. Alleging that this action by Snyder and Monroe County CYS violated his constitutional rights by depriving him of property without due process of law, Brownlee filed this lawsuit alleging that the property that he lost had a value in excess of $2,000,000. (Id.)

Melissa Snyder, the sole individual defendant named in Brownlee's complaint, has now filed a motion for summary judgment. (Doc. 26). That motion proceeds from a single, simple premise. The undisputed factual record shows that Snyder played no role whatsoever in the disposition of this property. Instead, contemporaneous law enforcement agency reports indicate that Ms. Pordy and Brownlee may have been the subject of a local corruption of minors investigation based upon allegations that they smoked marijuana with underage individuals. It was in this context that Ms. Pordy reportedly discarded Brownlee's property on the advice of her attorney, Holly Conway. Since these uncontested records reveal that Melissa Snyder had absolutely no involvement in the matters that led to the loss of Brownlee's personal property, Snyder moved for summary judgment in this case. (Docs. 26-8).

Brownlee has responded to this motion for summary judgment by apparently conceding that Ms. Snyder was not involved in this episode. (Doc. 29). Brownlee nonetheless requests leave of court to file an amended complaint, and suggests that he may wish to amend his complaint to allege that two private persons, Ms. Pordy

2

and her counsel, violated his civil rights when Pordy discarded his property on the advice of counsel.

This motion is fully briefed and is, therefore, ripe for resolution. For the reasons set forth below, this motion will be GRANTED, and Brownlee will be given leave to amend his complaint, but Brownlee is admonished that he may not file a federal civil rights complaint against private persons like Ms. Pordy or her counsel.

## II. Discussion

### A. Summary Judgment Standard of Review

The defendant has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, which provides that the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Through summary adjudication, a court is empowered to dispose of those claims that do not present a "genuine dispute as to any material fact," Fed. R. Civ. P. 56(a), and for which a trial would be "an empty and unnecessary formality." Univac Dental Co. v. Dentsply Int'l, Inc., No. 07-0493, 2010 U.S. Dist. LEXIS 31615, at *4 (M.D. Pa. Mar. 31, 2010). The substantive law identifies which facts are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine only if

there is a sufficient evidentiary basis that would allow a reasonable fact finder to return a verdict for the non-moving party. Id., at 248-49.

The moving party has the initial burden of identifying evidence that it believes shows an absence of a genuine issue of material fact. Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 145-46 (3d Cir. 2004). Once the moving party has shown that there is an absence of evidence to support the nonmoving party's claims, "the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." Berckeley Inv. Group. Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006); accord Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is appropriate. Celotex, 477 U.S. at 322. Summary judgment is also appropriate if the non-moving party provides merely colorable, conclusory, or speculative evidence. Anderson, 477 U.S. at 249. There must be more than a scintilla of evidence supporting the nonmoving party and more than some metaphysical doubt as to the material facts. Id., at 252; see also, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In making this determination, the Court must "consider all evidence in the light most favorable to the party opposing the motion." A.W. v. Jersey City Pub. Schs., 486 F.3d 791, 794 (3d Cir. 2007).

Moreover, a party who seeks to resist a summary judgment motion by citing to disputed material issues of fact must show by competent evidence that such factual disputes exist. Further, "only evidence which is admissible at trial may be considered in ruling on a motion for summary judgment." Countryside Oil Co., Inc. v. Travelers Ins. Co., 928 F.Supp. 474, 482 (D.N.J. 1995). Similarly, it is well-settled that: "[o]ne cannot create an issue of fact merely by . . . denying averments . . . without producing any supporting evidence of the denials." Thimons v. PNC Bank, NA, 254 F. App'x 896, 899 (3d Cir. 2007) (citation omitted). Thus, "[w]hen a motion for summary judgment is made and supported . . ., an adverse party may not rest upon mere allegations or denial." Fireman's Ins. Co. of Newark NJ v. DuFresne, 676 F.2d 965, 968 (3d Cir. 1982); see Sunshine Books, Ltd. v. Temple University, 697 F.2d 90, 96 (3d Cir. 1982). "[A] mere denial is insufficient to raise a disputed issue of fact, and an unsubstantiated doubt as to the veracity of the opposing affidavit is also not sufficient." Lockhart v. Hoenstine, 411 F.2d 455, 458 (3d Cir. 1969). Furthermore, "a party resisting a [Rule 56] motion cannot expect to rely merely upon bare assertions, conclusory allegations or suspicions." Gans v. Mundy, 762 F.2d 338, 341 (3d Cir. 1985) (citing Ness v. Marshall, 660 F.2d 517, 519 (3d Cir. 1981)).

Further, it is emphatically not the province of the court to weigh evidence, or assess credibility, when passing upon a motion for summary judgment. Rather, in adjudicating the motion, the court must view the evidence presented in the light most

5

favorable to the opposing party, Anderson, 477 U.S. at 255, and draw all reasonable inferences in the light most favorable to the non-moving party, Big Apple BMW, Inc. v. BMW of North America, Inc., 974 F.2d 1358, 1363 (3d Cir. 1992). Where the non-moving party's evidence contradicts the movant's, the non-movant's must be taken as true. Id. Additionally, the court is not to decide whether the evidence unquestionably favors one side or the other, or to make credibility determinations, but instead must decide whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented. Anderson, 477 U.S. at 252; see also Big Apple BMW, 974 F.2d at 1363. In reaching this determination, the Third Circuit has instructed that:

> To raise a genuine issue of material fact . . . the opponent need not match, item for item, each piece of evidence proffered by the movant. In practical terms, if the opponent has exceeded the "mere scintilla" threshold and has offered a genuine issue of material fact, then the court cannot credit the movant's version of events against the opponent, even if the quantity of the movant's evidence far outweighs that of its opponent. It thus remains the province of the fact finder to ascertain the believability and weight of the evidence.

Id.

In contrast, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)

(internal quotation marks omitted); NAACP v. North Hudson Reg'l Fire & Rescue, 665 F.3d 464, 476 (3d Cir. 2011).

It is against these legal benchmarks that we assess the instant motions for summary judgment.

**B. Defendant Snyder is Entitled to Summary Judgment and While Brownlee Will be Afforded Leave to Amend His Complaint, Any Amendment Must Comply with the Court's Directions and Include Allegations That Persons Acting Under the Color of State Law Deprived Him of Some Constitutional Rights.**

At the outset, it is apparent that the plaintiff has brought his civil rights claims against a county CYS employee, Melissa Snyder, who had absolutely nothing to do with the alleged loss of some of his personal property which the plaintiff had entrusted to a private person, Clara Pordy, in May of 2018. Indeed, Brownlee now apparently concedes that Ms. Snyder had no role in the matters that form the gravamen of this complaint. (Doc. 29).

Given this concession by Brownlee, Melissa Snyder is entitled to summary judgment in her favor in this case, since it is clear that to state a constitutional tort claim, the plaintiff must show that some person acting under the color of law actively deprived him of a right secured by the Constitution. Morse v. Lower Merion School Dist., 132 F.3d 902 (3d Cir. 1997); see also Maine v. Thiboutot, 448 U.S. 1 (1980). Constitutional tort liability is personal in nature and can only follow personal involvement in the alleged wrongful conduct shown through specific allegations of

7

personal direction or of actual knowledge and acquiescence in the challenged practice. Robinson v. City of Pittsburgh, 120 F.3d 1286 (3d Cir. 1997). As the Supreme Court has observed:

> Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*. . . . See Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (finding no vicarious liability for a municipal "person" under 42 U.S.C. § 1983); see also Dunlop v. Munroe, 7 Cranch 242, 269, 3 L.Ed. 329 (1812) (a federal official's liability "will only result from his own neglect in not properly superintending the discharge" of his subordinates' duties); Robertson v. Sichel, 127 U.S. 507, 515-516, 8 S.Ct. 1286, 3 L.Ed. 203 (1888) ("A public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties"). Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.

Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).

Here it is now undisputed that Melissa Snyder had no personal involvement in the matters alleged by Brownlee in this complaint. That complete lack of personal involvement is fatal to Brownlee's claims against Snyder and compels dismissal of Snyder as a defendant in this lawsuit.

Indeed, in his response to this summary judgment motion, Brownlee concedes as much, while seeking leave of court to file an amended complaint. (Doc. 29). In

particular, Brownlee suggests that he would like to bring federal civil rights claims against two private persons, Clara Pordy, the acquaintance who took possession of his personal property in the Spring of 2018, and Holly Conway, the attorney who allegedly advised Pordy to remove Brownlee's property from her home. (Id.) Mindful of the fact that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, see Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend is not necessary in a case such as this where amendment would be futile or result in undue delay, Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004), we will grant Brownlee leave to amend his complaint, but in doing so we place Brownlee on notice that he ordinarily may not bring federal civil rights claims against private persons, including private criminal defense counsel.

It is well-established that § 1983 does not by its own force create new and independent legal rights to damages in civil rights actions. Rather, § 1983 simply serves as a vehicle for private parties to bring civil actions to vindicate violations of separate, and pre-existing, legal rights otherwise guaranteed under the Constitution and laws of the United States. Albright v. Oliver, 510 U.S. 266, 271 (1994); Graham v. Connor, 490 U.S. 386, 393-94 (1989). Therefore, any analysis of the legal sufficiency of a cause of action under § 1983 must begin with an assessment of the

9

validity of the underlying constitutional and statutory claims advanced by the plaintiff.

In this regard, it is also well-settled that:

> Section 1983 provides a remedy for deprivations of federally protected rights caused by persons acting under color of state law. The two essential elements of a § 1983 action are: *(1) whether the conduct complained of was committed by a person acting under color of state law*; and (2) whether this conduct deprived a person of a federally protected right. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

Boykin v. Bloomsburg University of Pennsylvania, 893 F.Supp. 409, 416 (M.D.Pa. 1995), aff'd, 91 F3d 122 (3d Cir. 1996) (emphasis added). Thus, it is essential to any civil rights claim brought under § 1983 that the plaintiff allege and prove that the defendants were acting under color of law when that defendant allegedly violated the plaintiff's rights. To the extent that a complaint seeks to hold private parties liable for alleged civil rights violations, it fails to state a valid cause of action under 42 U.S.C. § 1983 since the statute typically requires a showing that the defendants are state actors. Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). Thus, to the extent that Brownlee proposes to bring federal civil rights claims against Ms. Pordy, a private person who agreed briefly to hold some of his personal property, these claims fail as a matter of law and would be subject to summary dismissal.

This principle applies with particular force to civil rights plaintiffs like Brownlee, who may also invite the courts to consider lawsuits against some state

10

criminal defense counsel. With respect to this state action requirement, it is well-settled that the conduct of an attorney, representing a client in a state criminal case, does not by itself rise to the level of state action entitling a state prisoner to bring a federal civil rights actions against his own prior counsel. See, e.g., West v. Atkins, 487 U.S. 42, 50 (1988); Polk County v. Dodson, 454 U.S. 312 (1981); Pete v. Metcalfe, 8 F.3d 214 (5th Cir. 1993). Therefore, in the absence of some further well-pleaded facts, Brownlee may not convert his dissatisfaction with the advice that Ms. Pordy allegedly received from her defense counsel into a federal civil rights lawsuit against that private attorney.

In addition, we advise Mr. Brownlee that any proposed claims leveled against the Monroe County Children and Youth Services agency as an institutional defendant in this case would also likely fail as a matter of law, since Brownlee's claims against this arm of state government would run afoul of the Eleventh Amendment to the United States Constitution. As we have explained in this past:

> Pursuant to the Eleventh Amendment, states, state agencies and state officials who are sued in their official capacity are generally immune from lawsuits in federal courts brought against them by citizens. Seminole Tribe v. Florida, 517 U.S. 44, 54 (1996). The constitutional protections afforded to the states and the state court system under the Eleventh Amendment also expressly apply to the state agencies that are integral parts of Pennsylvania's unitary court system. These agencies, which also enjoy immunity from lawsuit under the Eleventh Amendment, include the various domestic relations agencies which are defined by statute as arms of the state courts, and institutions of state

11

government. See, e.g., Wattie-Bey v. Attorney Gen.'s Office, 424 Fed.Appx. 95, 97 (3d Cir. 2011); Walters v. Washington County, No. 06-1355, 2009 WL 7936639 (W.D. Pa. March 23, 2009);Van Tassel v. Lawrence County Domestics Relations Section, No. 09-266, 2009 WL 3052411 (W.D. Pa. Sept. 22, 2009). Therefore, absent an express waiver of the immunity established by the Eleventh Amendment, all of these agencies, and their employees who are sued in their official capacities, are absolutely immune from lawsuits in federal court. Moreover as a matter of statutory interpretation, the plaintiffs cannot bring a damages action against these state agencies or state officials in their official capacity since it is well-settled that a state, a state agency, or a state official acting in an official capacity is not a "person" within the meaning of 42 U.S.C. § 1983. Will v. Michigan Dep't. of State Police, 491 U.S. 58, 71 (1989).

Ciprich v. Luzerne Cty., No. 3:15-CV-2364, 2017 WL 3782786, at *8 (M.D. Pa. Mar. 24, 2017), report and recommendation adopted, No. 3:15-CV-02364, 2017 WL 3709075 (M.D. Pa. Aug. 28, 2017), judgment entered, No. 3:15-CV-02364, 2017 WL 3709072 (M.D. Pa. Aug. 28, 2017). This conclusion would likely apply with equal force here and compel dismissal of this agency as a defendant.

While these legal caveats may limit Brownlee's ability to state a claim upon which relief may be granted, since it appears that there are no civilly culpable state actors in this case, nonetheless acting out of an abundance of caution we grant this motion for summary judgment, but will allow Brownlee leave to amend his complaint, provided he complies with our directions and submits an amended complaint within 21 says.

An appropriate order follows.

Submitted this 16th day of March 2020.

                                          */s/ Martin C. Carlson*
                                          Martin C. Carlson
                                          United States Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JONATHAN BROWNLEE, III,** | : | Civil No. 3:19-CV-1534 |
| **Plaintiff,** | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **MONROE COUNTY CYS, et al.,** | : | |
| **Defendants.** | : | |

## **ORDER**

AND NOW this 16th day of March 2020, in accordance with the accompanying Memorandum Opinion IT IS ORDERED as follows:

First, the defendant's motion for summary judgment, (Doc. 26), is GRANTED.

Second, the plaintiff's motion for leave to file an amended complaint is GRANTED, provided that any amended complaint complies with the legal strictures outlined by the court and is filed on or before **April 6, 2020**.

Further, we instruct the plaintiff that this "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Therefore, in amending this complaint, the plaintiff's amended complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere

speculation, contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), set forth in averments that are "concise, and direct," Fed. R. Civ. P. 8(e)(1), and stated in separately numbered paragraphs describing the date and time of the events alleged, and identifying wherever possible the participants in the acts about which the plaintiff complains.

This complaint must be a new pleading which stands by itself as an adequate complaint without reference to any other pleading already filed. Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). The complaint should set forth the plaintiff's claims in short, concise and plain statements, and in sequentially numbered paragraphs. It should name proper defendants, specify the offending actions taken by a particular defendant, be signed, and indicate the nature of the relief sought. Further, the claims set forth in the complaint should arise out of the same transaction, occurrence, or series of transactions or occurrences, and they should contain a question of law or fact common to all defendants.

The Court further places the plaintiff on notice that failure to comply with this direction may result in the dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure. The Court also notifies the plaintiff that, as a litigant who has sought leave to proceed *in forma pauperis,* his complaint may also be subject to a screening review by the Court to determine its legal sufficiency. See 28 U.S.C. § 1915(e)(2)(B)(ii).

/s/ Martin C. Carlson
Martin C. Carlson
United States Magistrate Judge