## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JONATHAN BROWNLEE, III,** | : | **Civil No. 3:19-CV-1534** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **MONROE COUNTY CYS,  et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM OPINION

### I.   Statement of Facts and of the Case

Jonathan Brownlee is a criminal pedophile who was previously convicted in federal court of child pornography charges, and has been cited on several occasions by federal authorities for alleged violations of the terms of the supervised release imposed upon him following this federal child pornography conviction. (Doc. 27, ¶¶ 3, 4). On September 23, 2019, Brownlee began this lawsuit by filing a *pro se* civil rights complaint, which he subsequently amended on September 25, 2019 to name Melissa Snyder as an individual defendant. In this complaint, Brownlee alleged that in April of 2018, he had stored some personal property with an acquaintance named Clara Michelle Pordy. (Id.) According to Brownlee, the Monroe County Children and Youth Services agency ("CYS"), acting through its caseworker, Melissa Snyder, forced Pordy to destroy and discard this property in May of 2018. Alleging that this

action by Snyder and Monroe County CYS violated his constitutional rights by depriving him of property without due process of law, Brownlee brought this action alleging that the property that he lost had a value in excess of $2,000,000. (Id.)

Melissa Snyder, the sole defendant named in Brownlee's complaint, moved for summary judgment, (Doc. 26), noting that the undisputed factual record showed that she played no role whatsoever in the disposition of this property. Instead, contemporaneous law enforcement agency reports indicated that Ms. Pordy and Brownlee may have been the subject of a local corruption of minors investigation based upon allegations that they smoked marijuana with underage individuals. It was in this context that Ms. Pordy reportedly discarded Brownlee's property on the advice of her attorney, Holly Conway. Brownlee responded to this motion for summary judgment by conceding that Ms. Snyder was not involved in this episode. (Doc. 29). Brownlee nonetheless requested leave of court to file an amended complaint, and suggested that he may wish to amend his complaint to allege that two private persons, Ms. Pordy and her counsel, Ms. Conway, violated his civil rights when Pordy discarded his property on the advice of counsel.

We granted this motion for summary judgment, given the undisputed fact that Ms. Snyder played no role whatsoever in the events which inspired this lawsuit.[1] We

---

[1] In reaching this result we noted that it is clear that to state a constitutional tort claim, the plaintiff must show that some person acting under the color of law actively deprived him of a right secured by the Constitution. Morse v. Lower Merion School

also advised Brownlee that he may not file a federal civil rights complaint against

private persons like Ms. Pordy or her counsel.[2] Finally, we noted that any claim

against a state agency that was an arm of the state courts was likely barred by the

Eleventh Amendment to the United States Constitution.[3]

---

Dist., 132 F.3d 902 (3d Cir. 1997); see also Maine v. Thiboutot, 448 U.S. 1 (1980). Constitutional tort liability is personal in nature and can only follow personal involvement in the alleged wrongful conduct shown through specific allegations of personal direction or of actual knowledge and acquiescence in the challenged practice. Robinson v. City of Pittsburgh, 120 F.3d 1286 (3d Cir. 1997). Thus, "[b]ecause vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).

[2] On this score we observed that it is essential to any civil rights claim brought under § 1983 that the plaintiff allege and prove that the defendants were acting under color of law when that defendant allegedly violated the plaintiff's rights. To the extent that a complaint seeks to hold private parties liable for alleged civil rights violations, it fails to state a valid cause of action under 42 U.S.C. § 1983 since the statute typically requires a showing that the defendants are state actors. Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). Further, with respect to this state action requirement, it is well-settled that the conduct of an attorney, representing a client in a state criminal case, does not by itself rise to the level of state action entitling a state prisoner to bring a federal civil rights actions against his own prior counsel. See, e.g., West v. Atkins, 487 U.S. 42, 50 (1988); Polk County v. Dodson, 454 U.S. 312 (1981); Pete v. Metcalfe, 8 F.3d 214 (5th Cir. 1993). Therefore, in the absence of some further well-pleaded facts, Brownlee may not convert his dissatisfaction with the advice that Ms. Pordy, a private party, allegedly received from her defense counsel into a federal civil rights lawsuit against those private persons.

[3] As to this defendant we stated that:

> Pursuant to the Eleventh Amendment, states, state agencies, and state
> officials who are sued in their official capacity are generally immune

Having reached these conclusions, we granted this motion for summary judgment but allowed Brownlee one final opportunity to amend his complaint, and ordered as follows:

> [T]he plaintiff's motion for leave to file an amended complaint is GRANTED, provided that any amended complaint complies with the

---

from lawsuits in federal courts brought against them by citizens. Seminole Tribe v. Florida, 517 U.S. 44, 54 (1996). The constitutional protections afforded to the states and the state court system under the Eleventh Amendment also expressly apply to the state agencies that are integral parts of Pennsylvania's unitary court system. These agencies, which also enjoy immunity from lawsuit under the Eleventh Amendment, include the various domestic relations agencies which are defined by statute as arms of the state courts, and institutions of state government. See, e.g., Wattie-Bey v. Attorney Gen.'s Office, 424 Fed. App'x 95, 97 (3d Cir. 2011); Walters v. Washington County, No. 06-1355, 2009 WL 7936639 (W.D. Pa. March 23, 2009); Van Tassel v. Lawrence County Domestics Relations Section, No. 09-266, 2009 WL 3052411 (W.D. Pa. Sept. 22, 2009). Therefore, absent an express waiver of the immunity established by the Eleventh Amendment, all of these agencies, and their employees who are sued in their official capacities, are absolutely immune from lawsuits in federal court. Moreover as a matter of statutory interpretation, the plaintiffs cannot bring a damages action against these state agencies or state officials in their official capacity since it is well-settled that a state, a state agency, or a state official acting in an official capacity is not a "person" within the meaning of 42 U.S.C. § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).

Ciprich v. Luzerne Cty., No. 3:15-CV-2364, 2017 WL 3782786, at *8 (M.D. Pa. Mar. 24, 2017), report and recommendation adopted, No. 3:15-CV-02364, 2017 WL 3709075 (M.D. Pa. Aug. 28, 2017), judgment entered, No. 3:15-CV-02364, 2017 WL 3709072 (M.D. Pa. Aug. 28, 2017).

legal strictures outlined by the court and is filed on or before **April 6, 2020**.

Further, we instruct the plaintiff that this "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." <u>Young v. Keohane</u>, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Therefore, in amending this complaint, the plaintiff's amended complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), set forth in averments that are "concise, and direct," Fed. R. Civ. P. 8(e)(1), and stated in separately numbered paragraphs describing the date and time of the events alleged, and identifying wherever possible the participants in the acts about which the plaintiff complains.

This complaint must be a new pleading which stands by itself as an adequate complaint without reference to any other pleading already filed. <u>Young v. Keohane</u>, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). The complaint should set forth the plaintiff's claims in short, concise and plain statements, and in sequentially numbered paragraphs. It should name proper defendants, specify the offending actions taken by a particular defendant, be signed, and indicate the nature of the relief sought. Further, the claims set forth in the complaint should arise out of the same transaction, occurrence, or series of transactions or occurrences, and they should contain a question of law or fact common to all defendants.

The Court further places the plaintiff on notice that failure to comply with this direction may result in the dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

(Doc. 31 at 14-15).

Despite these clear admonitions, Brownlee has not filed an amended complaint, and the time for filing such an amended complaint has now long since passed. Having afforded Brownlee this opportunity to further amend his complaint,

and the plaintiff having now forfeited this opportunity through his inaction, this matter is ripe for resolution.

For the reasons set forth below, this case will be dismissed with prejudice.

## II.   <u>Discussion</u>

While our initial analysis called for dismissal of this action, we provided Brownlee a final opportunity to further litigate this matter by endeavoring to promptly file a proper amended complaint. Having concluded that this *pro se* complaint was flawed in multiple and profound ways, we followed this course recognizing that in civil rights cases, *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, <u>see</u> <u>Fletcher-Hardee Corp. v. Pote Concrete Contractors</u>, 482 F.3d 247, 253 (3d Cir. 2007), unless it is clear that granting further leave to amend would be futile, or result in undue delay. <u>Alston v. Parker</u>, 363 F.3d 229, 235 (3d Cir. 2004).

Thus, in this case, Brownlee was given this opportunity to further amend his complaint, but has now forfeited this opportunity through his inaction. In this situation, where a wholly deficient complaint is dismissed without prejudice but the *pro se* plaintiff refuses to timely amend the complaint, it is well within the court's discretion to dismiss the complaint with prejudice given the plaintiff's refusal to comply with court directives. Indeed, the precise course was endorsed by the United States Court of Appeals for the Third Circuit in <u>Pruden v. SCI Camp Hill</u>, 252 F.

App'x 436, 438 (3d Cir. 2007). In <u>Pruden</u>, the appellate court addressed how district judges should exercise discretion when a *pro se* plaintiff ignores instructions to amend a complaint. In terms that are equally applicable here the court observed that:

> The District Court dismissed the complaint without prejudice and allowed [the *pro se* plaintiff] twenty days in which to file an amended complaint. [The *pro se* plaintiff] failed to do so. Because [the *pro se* plaintiff] decided not to amend his complaint in accordance with the Federal Rules of Civil Procedure, we conclude that the District Court did not abuse its discretion when it dismissed [the *pro se* plaintiff's] complaint with prejudice. <u>See</u> <u>In re Westinghouse Securities Litigation</u>, 90 F.3d 696, 704 (3d Cir. 1996). The District Court expressly warned [the *pro se* plaintiff] that the failure to amend his complaint would result in dismissal of the action with prejudice. "[I]t is difficult to conceive of what other course the court could have followed." <u>Id.</u> (quoting <u>Spain v. Gallegos</u>, 26 F.3d 439, 455 (3d Cir. 1994)).

<u>Pruden v. SCI Camp Hill</u>, 252 F. App'x 436, 438 (3d Cir. 2007). Therefore, consistent with the prior practice of this court, this amended complaint will now be dismissed with prejudice as frivolous without further leave to amend. <u>See, e.g.</u>, <u>Wicks v. Barkley</u>, 3:12-CV-02203, 2013 WL 5937066 (M.D. Pa. Nov. 4, 2013) (Mariani, J.); <u>Davis v. Superintendent, SCI Huntingdon</u>, 3:12-CV-01935, 2013 WL 6837796 (M.D. Pa. Dec. 23, 2013) (Mariani, J.).

An appropriate order follows.

Submitted this 26th day of May 2020.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JONATHAN BROWNLEE, III,** | : | **Civil No. 3:19-CV-1534** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **MONROE COUNTY CYS,  et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## <u>ORDER</u>

AND NOW this 26th day of May 2020, in accordance with the accompanying Memorandum Opinion IT IS ORDERED that the plaintiff's amended complaint is DISMISSED WITH PREJUDICE and the clerk is directed to CLOSE this case.


*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge